Filed 2/26/13  P. v. Farmer CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056476 |
| v. | (Super.Ct.No. FBA1100513) |
| DANIEL THOMAS FARMER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John B. Gibson, Judge.  Affirmed as modified.

Jeanne C. Vanderhoff, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Daniel Thomas Farmer was charged by information with discharging a firearm with gross negligence (Pen. Code,[1] § 246.3, subd. (a), count 1), possession of an assault weapon (§ 12280, subd. (b), count 2), and possession of a large capacity magazine (§ 12020, subd. (a)(2), count 3). Defendant filed a motion to suppress evidence that was seized after an illegal patdown search. (§ 1538.5.) A trial court denied the motion. Defendant renewed the motion in conjunction with a motion to dismiss. (§ 995.) The court denied both motions. Then, pursuant to a plea agreement, defendant pled guilty to count 3. The court sentenced him to 16 months in county prison and awarded 116 days of presentence custody credits (58 actual days and 58 conduct credits).

Defendant filed a notice of appeal regarding the denial of the motion to suppress. We affirm.

## PROCEDURAL BACKGROUND

Defendant was charged with and admitted that, on or about August 20, 2011, he possessed a large capacity magazine, a felony. (§ 12020, subd. (a)(2).)

## DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and two potential arguable issues: (1) whether the trial court erred in denying his

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

motion to suppress; and (2) whether defendant's trial counsel provided ineffective assistance by failing to argue that defendant was illegally detained, and that all evidence flowing from the illegal detention should have been suppressed. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

Although not raised by the parties, we note one apparent clerical error. Defendant pled guilty to count 3 on June 7, 2012. The court then asked whether the People "move[d] to dismiss per [the] plea agreement," and the People so moved. The minute order states that the court ordered counts 1 and 2 dismissed, on motion of the People, pursuant to the plea bargain. However, the plea agreement did not mention the dismissal of counts 1 and 2. Consequently, when the People moved the court "to dismiss per [the] plea agreement," the court did not actually dismiss counts 1 and 2. The record indicates that the parties intended counts 1 and 2 to be dismissed. It appears to have been an inadvertent clerical error that the dismissal of counts 1 and 2 was not included in the plea agreement.

Generally, a clerical error is one inadvertently made. (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.) Clerical error can be made by a clerk, by counsel, or by the court itself. (*Ibid*.) A court "has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts. [Citations.]" (*In re Candelario*

3

(1970) 3 Cal.3d 702, 705.)  Accordingly, in the interest of clarity, we will modify the judgment to explicitly state that counts 1 and 2 are dismissed.  We will also direct the superior court clerk to generate a new minute order reflecting the dismissal.

## DISPOSITION

The judgment is modified to expressly state that counts 1 and 2 are dismissed. The superior court clerk is directed to generate a new minute order reflecting the dismissal.  The clerk is further directed to forward a copy of the new minute order to the San Bernardino County Sheriff's Department.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

McKINSTER
J.

CODRINGTON
J.

4